NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALFONSO ALVAREZ-LOPEZ, *Appellant.*

No. 1 CA-CR 16-0372
FILED 7-27-2017

Appeal from the Superior Court in Maricopa County
No. CR2012-156377-001 DT
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

Alfonso Alvarez-Lopez, Eloy
*Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

**¶1**          Alfonso Alvarez-Lopez ("Appellant") appeals his convictions and sentences for one count of armed robbery, one count of kidnapping, and two counts of aggravated assault.

**¶2**          Appellant's counsel filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating he searched the record for error but found no arguable question of law.  Appellant's counsel therefore requested we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating this court reviews the entire record for reversible error).  This court allowed Appellant to file a supplemental brief *in propia persona*, and Appellant has done so, raising one issue that we address.

**¶3**          We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A) (2010).  Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶4**          In 2012, a grand jury issued an indictment, charging Appellant with armed robbery, a class two dangerous felony; kidnapping, a class two dangerous felony; and two counts of aggravated assault, both class three dangerous felonies.  The State later filed an allegation of aggravating circumstances other than prior convictions and an allegation of historical priors.

**¶5**          In 2013, a jury found Appellant guilty of armed robbery, kidnapping, and two counts of aggravated assault.  Appellant moved for a

---

[1]          We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

new trial, and the court granted the motion. At the new trial in 2015, the jury could not reach a verdict, and the court declared a mistrial.

¶6 A third trial took place in 2016. During jury *voir dire*, juror number 2 indicated that the father of her child was convicted of robbery and theft in Maricopa County. Juror number 24 revealed that his brother had been convicted of a drug charge in Maricopa County five years earlier. The State struck both jurors, and the defense raised a *Batson*[2] challenge, alleging jurors 2 and 24 were "the only minority jurors left in the pool who could possibly make it onto the jury." The court overruled the *Batson* challenge, stating "the fact that Juror No. 2 and 24 have people close to them who were prosecuted by [the Maricopa County Attorney's Office] and are convicted of felonies" was "a valid, non-pretextual, race-neutral reason for exercising a strike."

¶7 At trial, the State presented evidence that, in September 2012, the victim, who owned a carpet cleaning business, went to an apartment for a carpet cleaning job. As the victim knocked on the door of the apartment, someone yelled at him from behind. The victim turned around and saw two men charging toward him. One of the men pointed a gun at the victim and told him not to move, and then hit the victim on the head with the gun, knocking him to the ground. The other man hit the victim's legs and took the key to his van out of his pocket. The two men dragged the victim to his van, tied his hands with tape, and put him in the back of the van. The men then got in the van themselves, and one drove while the other sat in the passenger seat and pointed a gun at the victim. When they arrived at a park, the driver beat the victim with a steering wheel lock device while the passenger looked for money in the van. The passenger then made a phone call and, speaking in Spanish, requested to be picked up. The victim, who speaks Spanish, noticed the passenger appeared to have a Cuban accent.[3] The men stole the victim's wallet, business cell phone, and some tools, and left the scene. The victim drove himself to the hospital, where he was treated for his injuries and spoke to the police.

¶8 As part of their investigation, the police obtained phone records showing that, around the time of the attack, Appellant had called the phone number associated with the woman that had set up the carpet

---

[2] *Batson v. Kentucky* held that using a peremptory strike to exclude a juror solely based on race is unconstitutional. 476 U.S. 79, 89 (1986).

[3] Up until that point, the victim had only heard the men speak in English.

cleaning appointment with the victim. The police also showed the victim a photo line-up, and he identified Appellant as the passenger. The police arrested and interviewed Appellant, and a detective noted Appellant's Cuban accent. Appellant also told the detective he was Cuban. A forensic examiner later identified a palm print on the victim's van as "the right palm" of Appellant.

¶9 The jury convicted Appellant on all four counts. The trial court sentenced Appellant to fifteen years' imprisonment on each count, with all sentences to run concurrently. Appellant filed a timely notice of appeal.

## ANALYSIS

### I.  *Batson Challenge*

¶10 Appellant argues the trial court's denial of his *Batson* challenge was clearly erroneous. In reviewing a trial court's ruling on a *Batson* challenge, we defer to the court's findings of fact unless clearly erroneous, but we review *de novo* the court's application of the law. *State v. Newell*, 212 Ariz. 389, 400-01, ¶ 52, 132 P.3d 833, 844-45 (2006).

¶11 A *Batson* challenge requires the trial court to conduct a three-step analysis:

> First, the defendant must make a prima facie showing that the strike was racially discriminatory. If such a showing is made, the burden then switches to the prosecutor to give a race-neutral explanation for the strike. Finally, if the prosecution offers a facially neutral basis for the strike, the trial court must determine whether "the defendant has established purposeful discrimination."

*Id.* at 401, ¶53, 132 P.3d at 845 (quoting *Batson*, 476 U.S. at 93-94). In this case, the trial court found Appellant made a *prima facie* showing that the strikes were racially discriminatory because jurors 2 and 24 were the only two remaining minority jurors in the jury pool. The State explained that it struck jurors 2 and 24 because both had "either family members or people that they were close to that were convicted of felony convictions." Appellant's counsel pointed out that the State did not strike juror 27, whose brother-in-law had been convicted of a drug charge in Iowa. The State responded that juror 27's brother-in-law was not convicted in Maricopa County by the Maricopa County Attorney's Office. The State further

explained that jurors 2 and juror 24 had "much closer relationships" with the individuals they knew that had been convicted of felonies.

¶12         Appellant argues that the State's strikes were "a pretext for purposeful discrimination" because other jurors, such as juror 27, were "similarly situated." But, as the State explained, juror 27 was not similarly situated because juror 27's brother-in-law was not prosecuted in Arizona by the Maricopa County Attorney's Office. Accordingly, we find no error in the trial court's conclusion that the State presented a valid, non-pretextual reason for striking jurors 2 and 24.

        II.      *Other Issues*

¶13         We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdict. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶14         After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

¶15         Appellant's convictions and sentences are affirmed.

